IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TY PUCKETT, #453955, )<br> )<br>  Plaintiff, )<br> )<br> vs. )<br> )<br>ROBINSON CORRECTIONAL CENTER, )<br>REXFORD HEALTH CARE, )<br> )<br>  Defendants. ) | Case No. 3:21-cv-00771-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Ty Puckett filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Robinson Correctional Center. Puckett is currently a detainee or inmate in the St. Clair County Jail and is proceeding *in forma pauperis*. This case is now before the Court for preliminary review of the Complaint (Doc. 1) under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### Discussion

Plaintiff complains about conditions related to overcrowding and failure to segregate individuals with COVID-19. Specifically, he alleges that five inmates died while he was incarcerated at Robinson Correctional Center and that he could not protect himself and feared he would be the next to die.

Plaintiff names two Defendants in the case caption – Robinson Correctional Center and Rexford Health Care – but does not mention any individual or entity in the statement of claim.

Without specific allegations against the named Defendants, the Complaint violates Federal Rule of Civil Procedure 8 which requires that a Complaint include a short, plain statement of the case against each individual.  Fed.R.Civ.P. 8(a)(2).  In other words, a plaintiff is required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the Complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2).  Merely naming a party in the caption of a Complaint is not enough to state a claim against that individual or entity. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Additionally, Robinson Correctional Center, a facility of the Illinois Department of Corrections, is a state government agency that is not subject to suit for money damages under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-71 (1989); *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012).   Therefore, Robinson Correctional Center will be dismissed with prejudice.

For the reasons stated, the Complaint fails to state a claim upon which relief can be granted and will be dismissed without prejudice. Plaintiff will, however, be granted leave to file a First Amended Complaint.

### Disposition

The Complaint is **DISMISSED without prejudice** for failure to state a claim for relief. Robinson Correctional Center is **DISMISSED with prejudice** and the Clerk of Court is **DIRECTED** to **TERMINATE** it as a defendant.

Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before August 18, 2021.  The First Amended Complaint will be subject to review under § 1915A.  Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint

form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (No. 21-771). Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards and include a short, plain statement of the case against that party. He must describe each Doe Defendant, when he encountered each Doe Defendant, and the circumstances of the encounter. He is required to identify the Doe Defendants as much as possible and at least distinguish between different Does. (For example, John Doe # 1 did X and John Doe # 2 did Y.). To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to a previously filed Complaint. Instead, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v.*

*Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal will count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** July 19, 2021

                                                  *s/ Staci M. Yandle*
                                                  **STACI M. YANDLE**
                                                  **United States District Judge**