IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TY PUCKETT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:21-cv-00771-SMY |
| | ) |
| **ROBINSON CORRECTIONAL** | ) |
| **CENTER, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER DISMISSING CASE

**YANDLE, District Judge**:

Plaintiff Ty Puckett filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Robinson Correctional Center. (Doc. 1). At the time of filing, Puckett was detained in the St. Clair County Jail. (*Id.*). This matter is now before the Court for case management purposes due to Plaintiff's failure to maintain a current address with the Court.

When this case was instituted, Plaintiff was advised that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address and that failure to do so would result in dismissal of this case. (Doc. 3). The Court entered an Order dismissing the Complaint for failure to state a claim on July 19, 2021 and Plaintiff was granted leave to file a First Amended Complaint by August 18, 2021. (Doc. 10). The Order was mailed to Plaintiff at his address of record but was returned as undeliverable on August 4, 2021. (Doc. 11). The returned envelope noted that Plaintiff was no longer in custody. (*Id.*).

A Notice of Impending Dismissal was entered on August 30, 2021 and Plaintiff was ordered to update his address with the Clerk of Court by September 13, 2021. (Doc. 12). He

was warned that failure to comply with the Order would result in dismissal of this action without further notice. (*Id.*). As Plaintiff has not responded to the Notice, this case is **DISMISSED without prejudice** for failure comply with a court order. Fed. R. Civ. P. 41(b). The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed.R.App.P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

If Plaintiff chooses to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed.R.App.P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the appeal is found to be nonmeritorious, Plaintiff may incur a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus any balance on the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

DATED:  September 23, 2021

> *s/ Staci M. Yandle*
> **STACI M. YANDLE**
> **United States District Judge**